IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| MEENA JAIN, M.D., | ) |
| | ) |
|        Plaintiff, | ) |
| v. | )  No. 08-2119-STA-dkv |
| | ) |
| MEMPHIS-SHELBY COUNTY AIRPORT | ) |
| AUTHORITY and SERVICE | ) |
| MANAGEMENT SYSTEMS, INC., | ) |
| | ) |
|        Defendants. | ) |

_____

**ORDER AFFIRMING THE MAGISTRATE'S ORDER GRANTING DEFENDANTS'
FOURTH MOTION TO AMEND THE SCHEDULING ORDER**
_____

Before the Court are Plaintiff's Objections to the Magistrate Judge's Order Granting Defendants' Fourth Motion to Amend the Scheduling Order (D.E. # 40). The Magistrate Judge held a hearing on the motion on August 27, 2009, and granted the motion from the bench. For the reasons set forth below, the Magistrate Judge's Order is **AFFIRMED**.

**BACKGROUND**

Plaintiff alleges that she was injured on September 11, 2007, when she slipped and fell at Memphis International Airport. Plaintiff has brought this premises liability suit against Defendants Memphis-Shelby County Airport Authority ("MSCAA") and Defendant Service Management Systems, Inc. ("SMS") alleging that their negligence was the proximate cause of the injuries she sustained as a result of her fall.

On July 24, 2009, Defendants filed a fourth motion to amend the scheduling order. In their Motion, Defendants sought the extension of several deadlines in the scheduling order for

1

the purpose of conducting depositions and obtaining an expert witness following Plaintiff's recent responses to written discovery and her deposition testimony. Defendants further argued that after the discovery deadline had passed, they had located the former employee of Defendant SMS who had cleaned up the spill on the day of the accident. Defendants sought an extension of time to depose that witness. Finally, Defendants also explained that they had recently learned of the existence of recorded communications at the airport in which a previously unknown eyewitness to the accident, Carey Jones, was identified. Defendant sought additional time in which to depose Ms. Jones who resided in California.

As for good cause, Defendants argued that they had acted with diligence in conducting discovery and that the parties were not be able to complete discovery within the existing deadlines. According to Defendants, the late disclosure and deposition of Ms. Jones would not prejudice Plaintiff. Defendants notified Plaintiff of Ms. Jones's identity as soon as Defendants discovered the recorded communications identifying her. Plaintiff would have a full opportunity to cross-examine Ms. Jones during a deposition. Thus, there was good cause to grant the extension even though the deadlines had already expired.

Plaintiff responded in opposition arguing that Defendants had failed to act diligently during discovery and could not show good cause for the extensions they sought. Plaintiff contended that the identity of Ms. Jones was contained in recordings Defendants had in their possession since the accident and that Defendants had simply failed to look for them. Plaintiff pointed out that in her written discovery requests, she had specifically sought all recordings of communications relating to her accident. Defendants had failed to locate the recordings within the deadlines set in the scheduling order and could not establish good cause to amend the order

2

after the deadline had passed.  Plaintiff therefore opposed any extension of the discovery deadline for the purpose of deposing Ms. Jones.

In a reply brief, Defendants recounted in more detail how they discovered the information about Ms. Jones.  Defendants stated that two written Airport Police reports were generated about the accident, one on the day of the accident and one the following day.  Although Defendants provided both reports to Plaintiff, the reports did not name Ms. Jones.  Defendants contend that it was only during the Rule 30(b)(6) deposition of Defendant MSCAA's representative that counsel learned that audio communications about the accident could have been recorded by departments other than Airport Police.  In response to this testimony, counsel for Defendants obtained previously undisclosed communications including PA announcements, telephone communications with the Airport Communications division, and Airport Police radio communications on police radio frequencies.  Defendants only learned of Ms. Jones's identity after reviewing these recorded communications.  Defendants argued that an entity such as Memphis International Airport maintains these communications primarily for the purpose of maintaining airport security, not to protect itself from potential premises liability.  As a result, it did not occur to counsel for Defendants that the communications existed.  Defendants contended then that at the very least, Defendant SMS should not be penalized for Defendant MSCAA's failure to locate the communications before now.  Therefore, the Court should find good cause to extend the deadlines.

In her Sur-reply, Plaintiff argues that she had requested audio recordings related to the accident in written discovery propounded to Defendants in October 2008, many months before Defendants thought to search for additional recorded communications.  Defendants had a duty to

investigate the possible existence of audio recordings at that time and thus have no explanation for why the audio communication identifying Ms. Jones was only located in July 2009.  Plaintiff also noted that Defendants produced the communication about Ms. Jones on CDs, which indicated that the communication at issue was created and last modified on May 18, 2009, many months after the accident that occurred on September 11, 2007.  This fact raises questions about the reliability of the communication.  For these reasons, the Court should not extend the discovery deadline to permit Defendants to depose Ms. Jones because Defendants cannot show good cause for the extension.

Pursuant to this Court's order of reference for determination, the Magistrate Judge heard oral arguments and granted Defendants' motion from the bench.  The Magistrate Judge also issued a brief written order in which the Magistrate Judge stated, "For the reasons stated on the record after hearing argument of counsel and considering the briefs of the parties, the motion is granted."   The written order specified that "[t]he deadline for completion of fact witness depositions is extended to October 15, 2009, for the limited purpose of deposing the newly identified witness, Carey Jones, and for the plaintiff to take a deposition concerning the authenticity of the newly discovered audio tapes(s)."

On September 11, 2009, Plaintiff filed timely objections to the Magistrate Judge's order. Plaintiff contends that the Court should reverse the Magistrate Judge's decision to permit the deposition of Carey Jones and to extend the dispositive motion deadline.  Plaintiff argues that the Magistrate Judge erred in granting the extension because Defendants have failed to show good cause as required under Rule 16(b).  Plaintiff states that the Magistrate Judge's ruling suggests that she applied the "excusable neglect" standard under Rule 6 rather than Rule 16's "good

4

cause" standard. According to Plaintiff, the Magistrate Judge never stated in her ruling how Defendants had shown good cause. Plaintiff argues that the only evidence before the Magistrate Judge was counsel's unsupported contention that counsel was unaware of the existence of other sources of audio recordings. Plaintiff reiterates her arguments about the questions surrounding the discovery and creation of the recordings identifying Ms. Jones. Plaintiff objects that although the Magistrate Judge allowed more discovery to authenticate the recording and even set a deadline for Plaintiff to seek sanctions for spoliation, additional discovery would only prejudice the Plaintiff. Based on these facts, Plaintiff contends that the Magistrate Judge's order was clearly erroneous and contrary to law.

Defendants did not file a response to Plaintiff's Objections within the time permitted.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b), a district court shall apply a "clearly erroneous or contrary to law" standard of review for nondispositive preliminary matters such as discovery motions and scheduling motions.[1] Fed. R. Civ. P. 72(a) states that a district judge "shall consider" objections to a magistrate judge's order on a nondispositive matter and "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law."[2] "When examining legal conclusions under the 'contrary to law' standard, the Court

---

[1] *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001) (citing *United States v. Raddatz,* 447 U.S. 667, 673, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980)). *See also* 28 U.S.C. § 636(b)(1)(A).

[2] Fed. R. Civ. P. 72(a); *Bell v. Int'l Broth. of Teamsters*, No. 96-3219, 1997 WL 103320, at*4 (6th Cir. Mar. 6, 1997).

may overturn 'any conclusions of law which contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent.'"[3] "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."[4]

## ANALYSIS

Plaintiff has objected that the Magistrate Judge erred in finding good cause to extend the deadlines in the scheduling order to permit the parties to depose Carey Jones, a late discovered fact witness. As an initial matter, the Magistrate Judge's written order refers without elaboration to her findings on the record at the hearing. Where a Magistrate Judge is considering a pretrial matter not dispositive of a party's claim, Fed. R. Civ. P. 72(a) does not require the Magistrate Judge to issue a written order at all.[5] The comments to Rule 72(a) state, "An oral order read into the record by the magistrate will satisfy the requirement [to preserve the record and facilitate review]."[6] Rule 72 further contemplates that the objecting party should arrange for a transcript of any proceedings conducted by the Magistrate Judge.[7] In this case, Plaintiff has failed to

---

[3] *Doe v. Aramark Educational Resources, Inc.*, 206 F.R.D. 459, 461 (M.D. Tenn. 2002) (citing *Gandee v. Glaser,* 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd,* 19 F.3d 1432 (6th Cir. 1994)). *See also* 32 Am. Jur. 2d *Federal Courts* § 143 (2008) ("A magistrate judge's order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure").

[4] *United States v. United States Gypsum Co.,* 333 U.S. 364, 395 (1948).

[5] Fed. R. Civ. P. 72(a) ("the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision").

[6] Fed. R. Civ. P. 72 advisory committee's note (1983 Addition).

[7] Fed. R. Civ. P. 72(b) ("Unless the district judge orders otherwise, the objecting party must promptly arrange for transcribing the record. . . .").

provide a transcript of the hearing for the Court's review. Thus, the Court is left to consider the Magistrate Judge's written order as well as the briefing on Defendants' motion to amend.

In light of the highly deferential standard of review and the wide discretion granted to the Magistrate Judge under Rule 72(a) and based on the briefs of the parties, the Court holds that the order granting Defendants' motion was not clearly erroneous or contrary to law. Plaintiff essentially objects that the Magistrate Judge did not set out her findings of good cause in sufficient detail. The Court finds this objection to be without merit. Another court considering objections to a Magistrate Judge's discovery rulings under Rule 72(a) has opined, "While plaintiff might have preferred a detailed order, exhaustively surveying plaintiff's stated reasons for [opposing] relief and offering a point-by-point rebuttal of each of them, [plaintiff] was not entitled to such specificity."[8] It was not clearly erroneous for the Magistrate Judge to grant the extension without a detailed explanation of why she found good cause. Plaintiff has also argued that the Magistrate Judge appeared to apply Rule 6's "excusable neglect" standard rather than Rule 16's "good cause" standard. The Court finds this argument unpersuasive, largely, because Plaintiff argued that Rule 6 governed Defendants' motion to amend and briefed the 5-part balancing test for excusable neglect in her Sur-reply.[9]

Having held that the Magistrate Judge's Order was not clearly erroneous or contrary to law, the Court **AFFIRMS** the Magistrate Judge's Order Granting Defendants' Fourth Motion to Amend the Scheduling Order.

---

[8] *Hallford v. Allen*, No. 07-0401, 2007 WL 2570748, at *2 (S.D. Ala. Aug. 30, 2007).

[9] Pl.'s Sur-reply to Defs.' Fourth Mot. Am. Schedule, 5-6 (briefing the five-factor balancing test for excusable neglect announced in *Pioneer Inv. Serv. Co. v. Brunswick Assocs. P'ship*, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)).

**IT IS SO ORDERED**.

            **s/ S. Thomas Anderson**
            S. THOMAS ANDERSON
            UNITED STATES DISTRICT JUDGE

Date: January 29th, 2010.