IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| MEENA JAIN, M.D., | ) |
|       Plaintiff, | ) |
| v. | )     No. 08-2119-STA-dkv |
| MEMPHIS SHELBY COUNTY AIRPORT AUTHORITY and SERVICE MANAGEMENT SYSTEMS, INC., | ) |
|       Defendants. | ) |

**ORDER GRANTING PLAINTIFF'S MOTION FOR SANCTIONS**

Before the Court is Plaintiff's Motion for Sanctions (D.E. # 41) filed on October 15, 2009. Defendants have responded in opposition to Plaintiff's Motion, and Plaintiff has filed a reply brief. The Court conducted a hearing on Plaintiff's Motion on February 16, 2010. For the reasons set forth below, the Motion is **GRANTED**.

**BACKGROUND**

Plaintiff alleges that she was injured on September 11, 2007, when she slipped and fell at Memphis International Airport. Plaintiff has brought this premises liability suit against Defendants Memphis-Shelby County Airport Authority ("MSCAA") and Defendant Service Management Systems, Inc. ("SMS") alleging that their negligence was the proximate cause of the injuries she sustained as a result of her fall.

Plaintiff filed the Motion before the Court seeking sanctions against Defendants for the

spoliation of a video recording purporting to capture her fall at the airport. According to Plaintiff, the airport police officer who completed a report of her accident was informed that the incident was captured on video. The officer checked a box on the report marked "pulled and archived." Audio recordings of radio communications between airport responders on the day of the accident further indicated that the video existed and that it would be pulled. Plaintiff called airport police the day after the accident and mentioned the possibility of contacting an attorney. On September 21, 2007, ten days after the accident, Plaintiff's attorney contacted MSCAA by letter requesting settlement and putting MSCAA on notice of the possibility of litigation. Therefore, Plaintiff argues that it was reasonable for the Defendants to expect litigation arising from her fall and to know that the video contained relevant evidence. Nevertheless, Defendant MSCAA failed to preserve the video for litigation depriving Plaintiff of the opportunity to prove her case.

Furthermore, Plaintiff contends that the video would have been the best evidence of how the fall occurred. Plaintiff attacks the reliability of the testimony of an eyewitness upon whom Defendants rely to suggest that only a few moments had passed between one airport visitor dropping the ice cream and Plaintiff's slip on the ice cream. The witness Carey Jones ("Jones") was not discovered and disclosed until almost two years after suit was filed. During her deposition, Jones admitted that her memory would have been sharper at a time closer to the accident and that video of the accident would be stronger evidence of what actually occurred. Therefore, Plaintiff requests that the Court instruct the jury that it may draw an adverse inference from the fact that Defendants did not preserve the video recording.

Defendants have responded in opposition to Plaintiff's Motion. According to

Defendants, the surveillance cameras at Memphis International Airport do not cover every area of the facility at all times. In order to capture an event such as Plaintiff's slip and fall, a surveillance camera must be trained on the specific area at the specific time. Airport police employ certain procedures when an accident occurs, which includes determining whether a camera captured the event and then downloading the footage to be archived. At the time of the accident at issue in this case, footage from airport surveillance cameras was stored as data and then periodically recycled once the storage capacity of the data collection device was reached. By the time MSCAA discovered that the video of Plaintiff's fall was not properly recorded, the data had already recycled, and the footage was lost.

      Under the circumstances, Defendants argue that a spoliation sanction is inappropriate. Defendants contend that Plaintiff has not suffered any prejudice. Defendants state that other evidence is available for Plaintiff to make out her case including eyewitness testimony. Even assuming that the video captured the accident, Plaintiff is not entitled to the best possible evidence. Furthermore, even if the Court deemed sanctions appropriate, Plaintiff is not entitled to an adverse inference. First, Plaintiff cannot establish that the video would contain evidence favorable to her. Second, at the hearing on the Motion, Defendants seemed to argue that they did not have adequate notice of the accident to trigger their duty to preserve the recording. And if the Court determines that Plaintiff has met this burden, the Court retains the discretion to decline to impose any sanction for spoliation. Defendants did not act intentionally to destroy the video. If anything, Defendant MSCAA is guilty of simple negligence. Defendant SMS has not engaged in any culpable conduct at all, and so the Court should not sanction SMS for spoliation.

      Plaintiff has filed a reply brief on this issue in which she argues that there is evidence in

the record that Defendants had ample notice of the fall on the day of the accident. Thus, Defendants had a duty to preserve evidence at that time and at all times thereafter. Plaintiff describes many apparent inconsistencies in the testimony of the individuals involved on the day of the accident including Jones, the late disclosed witness, and James McClain, the SMS employee who cleaned up the ice cream spill. As a result, the video would have greatly aided the finder of fact in determining what actually happened. Concerning the spoliation doctrine, Plaintiff argues that bad faith or intentional conduct on the part of the spoliating party is not required. For these reasons, Plaintiff asks the Court to grant its Motion.[1]

## ANALYSIS

Spoliation refers to the destruction or material alteration of evidence or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation.[2] All parties have a duty to preserve material evidence during litigation as well as during the time before the litigation when "a party reasonably should know that the evidence may be relevant to anticipated litigation."[3] Even where a party does not own or control the evidence, the party still has a duty "to give the opposing party notice of access to the evidence or of the possible destruction of the evidence if the party anticipates litigation involving that evidence."[4] The

---

[1] Plaintiff also requested for the first time in her Reply brief that the Court disregard the affidavit of Walter White, an MSCAA official who was not previously disclosed during discovery. Because Plaintiff raises this argument for the first time in her Reply and because the Court will grant Plaintiff's Motion, this relief is denied as moot.

[2] *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir 1999) (citing *Black's Law Dictionary* 1401 (6th ed. 1990)).

[3] *Kronisch v. United States,* 150 F.3d 112, 126 (2d Cir. 1998).

[4] *Silvestri*, 271 F.3d at 591.

federal law of spoliation governs cases filed in federal court.[5]

A district court may exercise its inherent power to control litigation where necessary "to redress conduct which abuses the judicial process" such as spoliation.[6] Spoliation sanctions are proper when "(1) a party has a duty to preserve evidence because it knew, or should have known, that litigation was imminent, and (2) the adverse party was prejudiced by the destruction of the evidence."[7] A district court generally has broad discretion in choosing an appropriate sanction for spoliation.[8] The factors to be considered when imposing sanctions include prejudice resulting from the discovery abuse, whether the non-cooperating party was warned that violations would result in sanctions, and whether the court considered less drastic sanctions.[9] The spoliating party bears the burden of establishing lack of prejudice to the opposing party, a burden the Sixth Circuit has described as "an uphill battle."[10]

Where there is actual prejudice, the sanction should serve "prophylactic, punitive, and

---

[5] *Adkins v. Wolever*, 554 F.3d 650, 652 (6th Cir. 2009) ("a spoliation ruling is evidentiary in nature and federal courts generally apply their own evidentiary rules in both federal question and diversity matters"); overruling *Nationwide Mut. Fire Ins. Co. v. Ford Motor Co.*, 174 F.3d 801 (6th Cir. 1999).

[6] *Adkins*, 554 F.3d at 652 (citing *Silvestri v. General Motors Corp.*, 271 F.3d 583, 590 (4th Cir. 2001)). *See also* P.L. McGlynn, Note, *Spoliation in the Product Liability Context,* 27 U. Mem. L.Rev. 663 (1997).

[7] *Turner v. Public Service Co. of Colorado*, 563 F.3d 1136, 1149 (10th Cir. 2009).

[8] *West*, 167 F.3d at 779.

[9] *Beil v. Lakewood Eng'g & Mfg. Co.,* 15 F.3d 546, 552 (6th Cir.1994).

[10] *Austral-Pacific Fertilizers, Ltd. v. Cooper Industries, Inc.*, 108 F.3d 1376, *4 (6th Cir. 1997).

remedial" objectives to cure the spoliation.[11]  In other words, the court should employ a sanction which will achieve the following purposes: "(1) deter parties from engaging in spoliation; (2) place the risk of an erroneous judgment on the party who wrongfully created the risk; and (3) restore the prejudiced party to the same position he would have been in absent the wrongful destruction of evidence by the opposing party."[12]  The severity of the sanction should correspond to the actual prejudice suffered by the party who has been denied discovery.[13]  Dismissal is an appropriate sanction if there is "a showing of willfulness, bad faith, or fault on the part of the sanctioned party."[14]  However dismissal is a sanction "of last resort,"[15] a "drastic remedy" to "be imposed only in extreme circumstances."[16]  A court should consider alternative sanctions, individually or in combination, which might achieve the same prophylactic, punitive, and remedial objectives.[17]  Those less drastic sanctions may include exclusion of expert testimony concerning the spoliated evidence or a jury instruction on spoliation of evidence which raises a negative inference or presumption against the spoliator.[18]

---

[11] *West*, 167 F.3d at 779.

[12] *Id*. (citations omitted).

[13] *Austral-Pacific Fertilizers*, 108 F.3d 1376, *3.

[14] *Id*.

[15] *Beil,* 15 F.3d at 552.

[16] *West*, 167 F.3d at 779.

[17] *Id*. at 779-80 (imposing three sanctions including adverse presumption instruction, barring party from presenting evidence opposing a claim, and preventing spoliating party's expert witness from testifying about spoliated evidence).

[18] *Id*. at 780.  See also 10A *Fed. Proc., L. Ed.* § 26:854 (2008).

Based on the submissions of the parties and the hearing on this Motion, the Court holds that sanctions against both Defendants for the spoliation of the video evidence is appropriate. First, both Defendants had a duty to preserve the evidence because they knew, or should have known, that litigation was imminent. With respect to Defendant MSCAA, the record in this case contains several references by MSCAA officials to the existence of a video and the need to preserve the video on the day of the accident itself. Airport police responded to the accident and completed a report in which the responding officer indicated that a video existed and that it would be pulled and archived. Other communications between airport police confirmed the existence of the video and noted the possibility "that we may get a call back on this." Defendant MSCAA admits that it had procedures to preserve video for situations like this one and that per procedure the video should have been preserved right away. For her part, Plaintiff contacted airport police the day after her fall and made references to retaining an attorney. The first counsel retained by Plaintiff then sent a demand letter on September 21, 2007, that is, about ten days after the accident putting Defendant MSCAA on further notice of the possibility of legal action. The Court finds then that almost from the moment the accident occurred, MSCAA had a duty to preserve the video.

Likewise, Defendant SMS had a duty to make sure the video was preserved. Although SMS did not have control over the video or the equipment on which the recording was stored, SMS had a duty to make sure that the video was preserved because SMS had notice of the possibility of litigation. The record indicates that SMS had its employee James McClain complete an incident report shortly after the time of the accident. SMS had knowledge of the accident and the apparent seriousness of Plaintiff's injury as well, which should have put a

reasonable company providing janitorial services on notice of potential liability arising from a slip and fall.  Most importantly, SMS had knowledge of airport procedures for reporting accidents, the existence of a recording system to capture radio communications, and the existence of the surveillance video system used at the airport.  In fact, counsel for Defendants learned about the existence of the audio recording system during the Rule 30(b)(6) deposition of an SMS official.  Under the circumstances, the Court finds that SMS had a duty to take steps to preserve the video evidence.

Having determined that both Defendants had a duty to preserve the video, the Court further concludes that Plaintiff was prejudiced by the destruction of the video.  Here Defendants cannot meet their heavy burden to demonstrate a lack of prejudice to Plaintiff.  The video would have had unquestionable relevance to this case, particularly the sequence of events that led up to the accident, the timing of those events, Plaintiff's own contributory conduct, and perhaps whether employees of either Defendant had prior notice of the spill.  Defendants argue that Plaintiff cannot establish what the video actually captured and therefore cannot show prejudice.  Under the circumstances, it is not clear to the Court how Plaintiff could ever establish what was on the video because the video was under the control of Defendant MSCAA and both Defendants had a duty to preserve it for Plaintiff's use.  Defendants also ignore the fact that airport police, agents of MSCAA, stated on the day of the accident that they did in fact have video of the slip and fall.  Defendants cannot now question whether the video contained relevant evidence.  The Court finds that Plaintiff was deprived of the opportunity to use evidence which Defendant MSCAA did review and then failed to preserve. Destroying evidence it had the duty to preserve and thereby denying Plaintiff the opportunity to use the evidence is the very definition of

spoliation. Therefore, the Court finds that Plaintiff will suffer prejudice.

The Sixth Circuit has recognized that "failures to produce relevant evidence fall along a continuum of fault-ranging from innocence through the degrees of negligence to intentionality."[19] The severity of a sanction should correspond to the spoliating party's fault accordingly.[20] As a result, the Court has discretion to "impose many different kinds of sanctions for spoliated evidence, including dismissing a case, granting summary judgment, or instructing a jury that it may infer a fact based on lost or destroyed evidence."[21] This Court has previously held that ordinary negligence may give rise to "the sanction of an adverse inference. . . in some cases involving the negligent destruction of evidence because each party should bear the risk of its own negligence."[22] Defendants argue that the Court should not impose sanctions due to the fact that the destruction of the video evidence was inadvertent and amounts only to negligence. The Court finds that while something less than intentional, Defendants' conduct nevertheless warrants sanctions for spoliation. The Court has already found that Defendants had procedures for how to respond to accidents such as the one in this case including preserving video evidence. Indeed the forms for airport police reports went so far as to include a pre-printed box to indicate that video was pulled and archived. That box was checked by airport police on the report about Plaintiff's accident. Defendants have no explanation for how they failed to follow their own procedures and preserve the video.

---

[19] *Adkins*, 554 F.3d at 652.

[20] *Id*. at 652-53.

[21] *Id*.

[22] *BancorpSouth Bank v. Herter*, 643 F. Supp. 2d 1041, 1061 (W.D. Tenn. 2009).

As to the severity of the sanction, Plaintiff seeks only a jury instruction concerning a permissible inference that the missing video would have contained evidence unfavorable to Defendants. Plaintiff has proposed the following jury instruction:

> You have heard testimony about videotapes that were not produced. Counsel for Dr. Jain has argued that this evidence was in the Airport Authority's control and would have proven facts material to the matter in controversy.
>
> If you find that the Airport Authority could have produced these videotapes, and that the videotapes were within their control, and that these videotapes would have been material in deciding facts in dispute in this case, then you are permitted, but not required, to infer that this evidence would have been unfavorable to the Defendants.
>
> In deciding whether to draw this inference, you should consider whether the videotapes not produced would merely have duplicated other evidence already before you. You may also consider whether the Airport Authority had a reason for not producing these videotapes that was explained to your satisfaction. Again, whether or not to make this inference in Dr. Jain's favor against the Defendants is solely a matter within the discretion of you, the jury.

The Court finds that this sanction is appropriate under the circumstances. First, the sanction is one of the mildest sanctions for spoliation available to the Court. The permissible inference is far less drastic than dismissal or even the exclusion of other evidence. In fact, a permissible inference is less punitive than a rebuttable inference that the evidence would have been favorable to Plaintiff. The proposed instruction carefully instructs the jury on the factors that they may consider and does not require the jury to draw any inferences at all. Second, the limited nature of the sanction is proportionate to Defendants' culpable conduct in this case. The Court finds no evidence that Defendants acted in bad faith to deprive Plaintiff of the use of the video intentionally. On the contrary, Defendant MSCAA has offered a plausible explanation for

how the video would have been destroyed even though Defendants cannot explain when the video was destroyed or why they failed to preserve the video.  Based on these factors, the Court will impose a sanction of a permissible inference in the form of a jury instruction and adopt the instruction proposed by Plaintiff.  Therefore, Plaintiff's Motion is **GRANTED**.

    **IT IS SO ORDERED.**

                                      **s/ S. Thomas Anderson**
                                      S. THOMAS ANDERSON
                                      UNITED STATES DISTRICT JUDGE

                                      Date: February 25, 2010