IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | | |
|---|---|---|
| MEENA JAIN, M.D., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08-2119-STA-dkv |
| | ) | |
| MEMPHIS SHELBY COUNTY | ) | |
| AIRPORT AUTHORITY and | ) | |
| SERVICE MANAGEMENT | ) | |
| SYSTEMS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

_____

**ORDER DENYING DEFENDANTS' MOTION TO SEVER AND STRIKE JURY DEMAND**
_____

Before the Court is Defendants' Motion to Sever and Strike Jury Demand as to Defendant Memphis Shelby County Airport Authority ("MSCAA") (D.E. # 62) filed on February 9, 2010. The Court conducted a hearing on Plaintiff's Motion on February 16, 2010. For the reasons set forth below, the Motion is **DENIED**.

**BACKGROUND**

Plaintiff alleges that she was injured on September 11, 2007, when she slipped and fell at Memphis International Airport. Plaintiff has brought this premises liability suit against Defendants Memphis-Shelby County Airport Authority ("MSCAA") and Defendant Service Management Systems, Inc. ("SMS") alleging that their negligence was the proximate cause of the injuries she sustained as a result of her fall.

Defendants filed the Motion before the Court seeking to sever the trial as to each

1

Defendant and strike Plaintiff's jury demand as to MSCAA.  In support, Defendants rely on Tenn. Code Ann. § 29-20-307.  That code section specifies that any claims under the Tennessee Governmental Tort Liability Act ("GTLA") shall be heard and decided "without the intervention of a jury."[1]  Defendants argue that MSCAA is a governmental entity as that term is defined in the GTLA, and so the Court should sever the cases as to each Defendant.

The Court holds that Defendant MSCAA is not entitled to a non-jury trial under the GTLA.  Although the Act does state that claims brought under the GTLA should be decided without the intervention of a jury, the same code section states that exceptions are provided in Tenn. Code Ann. § 29-20-313(b), which reads,

> When suit is brought in circuit court in a case in which there are multiple defendants, one (1) or more of which are a governmental entity or entities or governmental entity employee or employees whose liability or lack thereof is provisions of this chapter and one (1) or more of which are not such governmental entity or entities or governmental entity employee or employees, the case shall be heard and decided by a jury upon the demand of any party.[2]

Based on a plain reading of this section, the Court holds that Defendant MSCAA is not entitled to a separate, non-jury trial in this matter.  While MSCAA is a governmental entity, Defendant SMS is not a governmental entity.  Plaintiff has made a demand for a jury in her Complaint.  Compl. 4.  Thus, section 29-20-313(b) requires that a jury hear and decide the case.  At the hearing on this Motion, neither party contested the applicability of section 29-20-313(b) or presented any authority to question why this section should not apply.  Therefore, Defendants'

---

[1] Tenn. Code Ann. § 29-20-307.

[2] Tenn. Code Ann. § 29-20-313(b).  The Court notes that this section was amended effective July 1, 2004.  The cases cited by Plaintiff applied the version which was in effect prior to that date, and so are now inapposite.

Motion to Sever is **DENIED**.

      **IT IS SO ORDERED**.

                                            **s/ S. Thomas Anderson**
                                            S. THOMAS ANDERSON
                                            UNITED STATES DISTRICT JUDGE

                                            Date:    February 22nd, 2010.