# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| MEENA JAIN, M.D., | ) |
| Plaintiff, | ) |
| v. | ) No. 08-2119-STA-dkv |
| MEMPHIS SHELBY COUNTY AIRPORT AUTHORITY and SERVICE MANAGEMENT SYSTEMS, INC., | ) |
| Defendants. | ) |

## ORDER DENYING PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE THE TESTIMONY OF CAREY JONES

Before the Court is Plaintiff's Motion in Limine to Exclude the Testimony of Carey Jones (D.E. # 63) filed on February 9, 2010. The Court conducted a hearing on Plaintiff's Motion on February 16, 2010. For the reasons set forth below, the Motion is **DENIED**.

### BACKGROUND

Plaintiff alleges that she was injured on September 11, 2007, when she slipped and fell at Memphis International Airport. Plaintiff has brought this premises liability suit against Defendants Memphis-Shelby County Airport Authority ("MSCAA") and Defendant Service Management Systems, Inc. ("SMS") alleging that their negligence was the proximate cause of the injuries she sustained as a result of her fall.

Plaintiff filed the Motion before the Court seeking to exclude the testimony of Carey Jones ("Jones"). Jones was an apparent eyewitness to the events leading up to Plaintiff's fall at Memphis International Airport as well as the slip and fall itself. However, according to Plaintiff, Defendants did not identify or produce any information regarding Jones until July 2009, more than one year after Plaintiff filed suit and some time after the deadline for disclosing witnesses had passed. Jones's memory of the event had faded in the intervening time and is otherwise not as a reliable as the video recording of the event that Defendants have since lost. Under the circumstances, Defendants should not benefit from the testimony of Jones. Plaintiff argues that under Fed. R. Evid. 602, the Court should exclude the testimony because Jones does not have sufficient personal knowledge. Plaintiff points out that Jones cannot recall certain facts about the events she witnessed and acknowledges that her memory of the day in question is not as sharp as it was two years ago. Thus, Plaintiff contends that Jones's testimony is so flawed as to be irrelevant. Additionally, Plaintiff argues that Jones's testimony would confuse or mislead the jury and should be excluded as unfairly prejudicial. Therefore, the Court should not permit Jones to testify at trial.

Defendants have responded in opposition to Plaintiff's Motion. Defendants recount some of the relevant facts to which Jones did offer testimony based on her personal knowledge. For instance, Jones stated she was a passenger at Memphis International Airport on September 17, 2007. She testified that she was waiting at an airport gate when she observed a man pushing a toddler in a stroller down the concourse. Either the man or the toddler dropped ice cream onto the concourse. Jones stated that she was approximately ten to twelve feet from the ice cream. She testified that a short time after the spill, a woman walking down the concourse slipped and

fell on the ice cream. Defendants argue that Fed. R. Evid. 602 does not require a witness to remember every detail in order to have sufficient personal knowledge of the facts to which she testifies. Jones has relevant knowledge of several important details about the events leading up to the slip and fall and the accident itself. Thus, Defendants argue that Jones meets the personal knowledge test. As for Plaintiff's contention of undue prejudice, Defendants state that the late disclosure of Jones's identity and knowledge of relevant facts does not make Jones's testimony itself "unfairly prejudicial." Nor does Jones' testimony pose a risk of misleading or confusing the jury. In short, Defendants argue that Plaintiff's characterization of Jones's testimony goes to its weight, not anything inherently prejudicial or unfair about the actual facts to which she is expected to testify.

## ANALYSIS

Fed. R. Evid. 401 reads, "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Generally, relevant evidence is admissible.[1] However, a witness may not testify to a matter unless the witness has personal knowledge.[2] According to the advisory committee's note, Rule 602 requires that "a witness who testifies to a fact which can be perceived by the senses must have had an opportunity to observe, and must have actually observed the fact."[3] This means that the party proffering the witness must introduce evidence sufficient to support a finding that the witness has personal knowledge

---

[1] Fed. R Evid. 402.

[2] Fed. R. Evid. 602.

[3] *Id.* advisory committee's note.

3

of the matter, such as the witness's own testimony.[4]  In that situation, the witness "must still set forth a factual basis for his claim of personal knowledge."[5]  The Sixth Circuit has opined that "the threshold for admitting testimony under Rule 602 is low."[6]  The Court should only exclude testimony for lack of personal knowledge where no reasonable juror could believe that the witness had the ability and opportunity to perceive the event that she testifies about.[7]

Based on the record before the Court, Jones has personal knowledge of information relevant to this case.  It appears that Jones will testify as an eyewitness to the underlying facts of Plaintiff's slip and fall.  According to her testimony, she was only a few feet away from the scene of the accident.  Jones stated that she was able to observe that the substance on which Plaintiff slipped was ice cream, how the ice cream came to be on the floor, the general amount of time that passed between the ice cream dropping on the concourse and Plaintiff's slip on the ice cream, and a general description of Plaintiff.  The Court finds that Jones had an opportunity to observe the facts and actually observed the facts to which she is expected to testify.  Therefore, Jones's own testimony supports a finding that she had personal knowledge of the slip and fall, and her testimony should not be excluded on the basis of Fed. R. Evid. 602.

Additionally, the Court finds that the probative value of Jones's testimony will not be substantially outweighed by any prejudice to Plaintiff.  Fed. R. Evid. 403 provides that even relevant evidence may be excluded "if its probative value is substantially outweighed by the

---

[4] *Id.*

[5] *United States v. Harris*, 200 F. App'x 472, 489 (6th Cir. 2006) (citations omitted).

[6] *Id.* (citing *United States v. Franklin*, 415 F.3d 537, 549 (6th Cir. 2005)).

[7] *Id.*

danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."[8] As an eyewitness to the accident at issue, Plaintiff's testimony is highly probative. The Court fails to see how the testimony would confuse the issues, mislead the jury, cause undue delay, waste time, or otherwise qualify as cumulative evidence.

As for unfair prejudice, Plaintiff focuses on the late discovery of Jones's identity coupled with the fact that Defendants failed to preserve video purportedly showing the accident as it occurred. The advisory committee's note to Rule 403 states, "'Unfair prejudice' within its context means an undue tendency to suggest decision on an improper basis, commonly though not necessarily, an emotional one."[9] The Court finds no such danger in this case. Plaintiff has not suggested that Jones's testimony might result in a decision based on emotion. Rather Plaintiff argues that the prejudice in this case arises from Defendants' discovery abuses, the spoliation of the video and the failure to identify Jones before the discovery deadline. In essence then, Plaintiff asks the Court to exclude Jones as an additional sanction for Defendants' failure to preserve the video evidence and to disclose Jones properly. The Court declines to do so. With respect to the spoliation of the video recording, the Court has addressed that issue in a separate order and granted Plaintiff's motion for sanctions. The late discovery of Jones's identity has likewise been addressed in a previous Order of the Court.[10] While it is true that Defendants

---

[8] Fed. R. Evid. 403.

[9] *Id.* advisory committee's note.

[10] Order Affirming the Magistrate Judge's Order Granting Fourth Motion to Amend the Scheduling Order, Feb. 1, 2010.

failed to disclose Jones in a timely fashion and Jones's testimony appears to be damaging, Plaintiff had the opportunity to depose Jones in preparation for trial. Indeed, Plaintiff will have the full opportunity to cross-examine Jones on each of the matters Plaintiff has raised in her Motion, particularly the reliability of Jones's testimony and the amount of weight to which it is entitled. Accordingly, the Court finds that any prejudice resulting from Jones's testimony will not substantially outweigh its probative value. Therefore, Plaintiff's Motion is **DENIED**.

    **IT IS SO ORDERED**.

                                      **s/ S. Thomas Anderson**
                                      S. THOMAS ANDERSON
                                      UNITED STATES DISTRICT JUDGE

                                      Date:   February 22nd, 2010.